1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JESSICA LIZETH VARGAS MARISCAL,<br><br>                                  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                  Respondent. | Case No.:  3:14-cr-02460<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. 32]** |
|---|---|

On August 15, 2016, Jessica Lizeth Vargas Mariscal ("Petitioner") proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence requesting a downward adjustment in her sentence based on her minor role in the offense. [Doc. 32].  The government filed a response in opposition on September 19, 2016.  [Doc. 35.] The Court has reviewed the record and submissions of the parties. For the reasons stated below, the Court **DENIES** Petitioner's motion.

**I.    DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside, or correct the sentence if it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a petitioner must allege a "lack of jurisdiction or constitutional error, [because] an error of law will not provide a basis for habeas relief unless that error 'resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.'" *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979)).

As a preliminary matter, Petitioner's motion is time barred. Motions under §2255 have a one year period of limitation. 28 U.S.C. 2255(f). Here, the Court sentenced Petitioner on December 8, 2014 and Petitioner filed the pending motion on August 15, 2016. However, even if Petitioner were able to show that her Petition is timely, this Court lacks jurisdiction to consider her collateral challenge to her sentence because she waived her appellate and collateral attack rights.

As part of her plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence. Because Petitioner does not challenge the validity of the waiver, nor call into doubt the effectiveness of her counsel's assistance regarding her decision to enter into the agreement, the Court finds that the waiver should be enforced.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial

2

court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.; United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992).

In this case, none of these potential limitations to the validity of Petitioner's waiver are applicable. Petitioner does not raise any challenges to the knowing and voluntary nature of her plea. The plea agreement contains a provision certifying that Petitioner read the agreement (or had it read to her in her native language) and that Petitioner discussed its terms with her defense counsel and fully understood its meaning and effect. [Doc. 20, at 11-12.] It also contains a provision certifying that the plea was knowing and voluntary. [*Id*. at 5-6.] Petitioner was sentenced to the low end of the range recommended by the government. [Docs. 26, 29.] Accordingly, Petitioner's waiver applies and this Court lacks jurisdiction to consider her Petition. See *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir.2005).

Secondly, the sentence imposed by the Court was in accordance with the negotiated agreement, and in accordance with the applicable sentencing guidelines. On September 11, 2014, Petitioner pled guilty to a single count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. [Doc. 20]. On December 8, 2014, this Court sentenced Petitioner to a term of imprisonment of 41 months, followed by three years of supervised release. [Doc. 28]. The applicable base offense level under U.S.S.G. § 2D1.1for that quantity of controlled substances is 33. In arriving at Petitioner's sentence, the Court granted a 2-level downward

adjustments to the base offense level for safety valve and another 2-level downward adjustment for minor role. In addition, the Court granted a 3-level reduction for acceptance of responsibility as recommended by the parties under the terms of the Plea Agreement. The Court awarded a 4-level downward adjustment for Fast Track, bringing the total offense level to 22, with a criminal history of category I. Accordingly, the Court sentenced Petitioner to a 41-month sentence of imprisonment, which represented the low-end of the 41 to 51 month sentencing range established by the United States Sentencing Guidelines. Thus, although the Court was not bound by the Plea Agreement, the Court followed its terms and the resulting sentence was in accordance with both the terms of the negotiated agreement and the applicable sentencing guidelines.

Finally, Petitioner does not dispute the effectiveness of her counsel's assistance regarding her decision to enter into the Plea Agreement. Therefore, the Court finds that none of the recognized limitations of a defendant's waiver of the right to bring a § 2255 motion are present in this case. Accordingly, the collateral attack waiver provision in Petitioner's Plea Agreement will be enforced.

Even assuming Petitioner had not waived her right to collaterally attack her sentence, Petitioner requests a downward adjustment in her sentence based on her minor role in the offense. Under U.S.S.G. § 3B1.2, a court may decrease an offense level by two if the defendant had a minor role in the criminal activity. In support of a downward adjustment, Petitioner cites to *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) and U.S.S.G. Amendment 794. Petitioner argues Amendment 794 applies retroactively to her case and that, when the Amendment is applied, she is entitled to a reduction in her sentence. On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which added five, non-exhaustive factors that courts should consider when determining whether to grant a minor role reduction. U.S.S.G. App. C. Amend. 794. The Commission also amended § 3B1.2's commentary to allow for a broader and more

4

uniform application of the mitigating role sentencing factor. *Id*. In *United States v. Quintero-Leyva,* the Ninth Circuit held Amendment 794 is a "clarifying amendment" and "applies retroactively to direct appeals." *United States v. Quintero-Leyva*, 823 F.3d 519, 522-23 (9th Cir. 2016). During sentencing, this Court granted Petitioner a two-level minor role reduction under § 3B1.2, therefore, she has already received the relief she request. Accordingly, Petitioner's motion is denied.[1]

## II.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated:  April 11, 2017

Hon. M. James Lorenz
United States District Judge

---

[1] Petitioner is not barred from filing a motion for relief of sentence under 18 U.S.C. § 3582, however, as mentioned above, the Court already granted a two-level downward adjustment for Petitioner's minor role under § 3B1.2.